**Shores, Williamson & Ohaebosim, LLC**
Attorneys and Counselors at Law

Epic Center Suite 1400
301 N. Main Street
Wichita, Kansas 67202
Telephone:  (316) 261-5400
Facsimile:   (316) 261-5404

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| HEATHER PURSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )  Case No.   05-1094-JTM |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff, Heather Purser, by and through her counsel of record, Uzo L. Ohaebosim and Lawrence W. Williamson of Shores, Williamson & Ohaebosim, LLC, and for her cause of action against defendant, alleges and states as follows:

## PRELIMINARY STATEMENT

Ms. Heather Purser was a college student at Haskell Junior College. She was very happy and looking forward to getting an education. Unfortunately she was attacked by two students and was injured. Haskell had a duty to protect the Plaintiff from these aggressors because they knew that one of those aggressors had a propensity for violence, and a further duty to punish them. Defendant also failed to adequately provide security to ensure the safety of its students.  For these negligent acts, the Defendant USA must be held liable.

## JURISDICTION - VENUE - PARTIES

1. This Court has jurisdiction pursuant to 29 U.S.C. § 1331.

2. The claims at issue arose in the State of Kansas and venue is proper in this court pursuant to 28 U.S.C. § 1391 (b), (c).

3. Plaintiff is a resident of the State of Kansas.

4. Defendant, Haskell Junior College, is a school on an Indian reservation in Wyandotte County, Kansas as such the United States is responsible.

## FACTS RELEVANT TO ALL CLAIMS

5. By this reference, plaintiff hereby incorporates paragraphs the foregoing paragraphs, 1- 4 as if fully set forth herein.

6. Ms. Heather Purser was a student at Haskell Junior College in Lawrence, Kansas.

7. On February 5, 2004, Ms. Purser was attacked by two individuals, Brooke Spottedeagle and Katie Ahuakama. Both Ms. Spottedeagel and Ms. Ahuakama were students at the Univeristy and Ms. Spottedeagel had a propensity for violence that the school knew about. Ms. Spottedeagle struck Ms. Purser in the head several times with her fist; she then used a small glass globelike object and struck Ms. Purser in her jaw.

8. After the attack Ms. Purser was taken to the hospital and was diagnosed with a small crack in her jaw and a minor concussion.

9. Haskell has a zero tolerance policy on violence and if found guilty a student is either expelled or punished.

10. However, Brooke and Katie were not held accountable for their actions. Brooke had a past history of violence that the school was aware or should have been aware of.

11. Upon info and belief the school knew or should have known of Brooke Spottedeagle's violent tendencies, and prior criminal history, they intentionally disregarded it.

12. The schools authorities and Students Rights council both received reports of the incident and did nothing to rectify the situation.

## COUNT I: FAILURE TO PROTECT

13. By this reference, plaintiff incorporates the foregoing paragraphs 1 - 12, as if fully set forth herein.

14. Plaintiff was a student at Haskell Junior College.

15. As alleged herein above, the defendant in this matter is state actors and during all relevant time periods herein were acting under the color of state law.

16. Defendant, Haskell, failed to maintain a secure environment knowing a violent individual was on the campus.

17. Defendants' actions in failing to deal with Brooke Spottedeagle after the battery on the plaintiff show that its actions were willful.

18. Defendants do not have any legitimate legal reason for their actions.

19. As a result of defendants' willful acts, plaintiff has suffered and continues to suffer from injuries as described above.

## COUNT II NEGLIGENCE

20. Paragraphs 1 - 19 are incorporated herein and made a part hereof as if fully set forth herein.

21. Haskell has the duty to protect its students, especially with respect to any foreseeable criminal activity, from harm.

22. Haskell knew, or reasonably should have known, of foreseeable criminal activity by Ms. Spottedeagle because of her prior criminal history.

23. Despite Haskell's knowledge of the foreseeable criminal actions of Ms. Spottedeagle, Haskell failed to protect Ms. Purser from harm.

24. The assault and battery of the plaintiff were foreseeable consequences of Haskell's negligence in failing to guard against and protect the plaintiff from the criminal actions of Ms. Spottedeagle because the defendant had knowledge of her violent past.

25. As a result of Haskell's breach of its duties, plaintiff sustained the aforementioned injuries and damages.

## COUNT III BREACH OF IMPLIED WARRANTY

26. Paragraphs 1 through 25 are incorporated herein and made a part hereof as if again set forth in full.

27. Haskell, by requiring all freshmen, including plaintiff, to live in a college dormitory, impliedly warranted to plaintiff that it would exercise reasonable and due care to protect plaintiff from foreseeable harm.

28. As a result of its implied warranties, Haskell owed plaintiff a duty of reasonable care to prevent injury to her by third persons.

29. As a result of Haskell's breaches of its implied warranty, plaintiff sustained the aforementioned injuries and damages.

WHEREFORE, Plaintiff respectfully prays for judgment against the defendants and requests that this Court:

A. Grant a permanent injunction enjoining defendants, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice that fails to protect students at Haskell Junior College from individuals with violent backgrounds;

B. Order defendants to make plaintiff whole by paying all medical bills and for pain and suffering, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its willful acts;

C. Order defendants to make plaintiff whole by providing compensation, in an amount to be determined at trial, for past and future pecuniary losses which resulted from the Defendants willful acts;

D. Order defendants to make plaintiff whole by providing compensation, $500,000 for past and future nonpecuniary losses including emotional pain,

suffering, inconvenience, mental anguish, and loss of enjoyment of life, which resulted from the acts, complained of above;

E. Order defendants to pay plaintiff punitive damages, 2,500,000 for its willful and intentional conduct, as described above;

F. Award plaintiff her costs and expenses of this action, including a reasonable attorney's fee; and,

G. Grant such further relief as the Court deems just and appropriate.

### **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury.

### **DESIGNATION OF PLACE OF TRIAL**

COMES NOW the plaintiff and requests that Wichita, Kansas, be designated as place of trial.

|    |
|----|
| 1  |
| 2  |
| 3  |
| 4  |
| 5  |
| 6  |
| 7  |
| 8  |
| 9  |
| 10 |
| 11 |
| 12 |
| 13 |
| 14 |
| 15 |
| 16 |
| 17 |
| 18 |
| 19 |
| 20 |
| 21 |
| 22 |
| 23 |
| 24 |
| 25 |
| 26 |

Respectfully submitted,

s/Uzo L. Ohaebosim  _____
Uzo L. Ohaebosim #20983
Lawrence W. Williamson, Jr. #21282
Shores, Williamson & Ohaebosim, LLC
Epic Center Suite 1400
301 North Main Street
Wichita, Kansas 67202
Telephone: (316) 261-5400
Facsimile: (316) 261-5404
*Attorney for Plaintiff*