IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HEATHER PURSER

        Plaintiff,

    v.                           Case No. 05-1094-JTM

UNITED STATES OF AMERICA
HASKELL INDIAN NATIONS
UNIVERSITY

        Defendants.

## AMENDED ANSWER TO FIRST AMENDED COMPLAINT

The Defendants, the United States of America, Haskell Indian Nations University, by and through its attorneys, Eric F. Melgren, United States Attorney for the District of Kansas, and D. Brad Bailey, Assistant United States Attorney, answer the First Amended Complaint as follows:

1. Defendants deny each and every material allegation contained in the First Amended Complaint except those that are expressly and specifically admitted herein.

2. With respect to the first unnumbered paragraph of the First Amended Complaint, Defendants admit that Plaintiff was a student at Haskell Indian Nations University. The remaining allegations contained in this unnumbered paragraph are conclusions of law and not statements of fact to which an answer is required. To the extent an answer is deemed necessary, Defendants lack sufficient information to admit or deny allegations concerning Plaintiff's state of mind and therefore deny those allegations.

1

Defendants deny all remaining allegations in this paragraph.  Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

3.     With respect to the numbered paragraphs of the First Amended Complaint, Defendants state:

a.     Paragraph 1.  This paragraph contains jurisdictional allegations to which no response is required.  To the extent an answer is required, the allegations are denied. Defendants show the Court it has jurisdiction of tort claims against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §2674 et. seq. and 28 U.S.C. §1346(b).

b.     Paragraph 2.  The allegations contained in paragraph four (4) of the Complaint is a conclusion of law concerning venue and not a statement of fact to which an Answer is required.  To the extent that an Answer is deemed required, Defendants admit venue is proper in the United States District Court for the District of Kansas.

c.     Paragraph 3. Defendants lack sufficient information to admit or deny the allegations in this paragraph and, therefore, the allegations are denied.

d.     Paragraph 4.  Denied.  Haskell Indian Nations University is not located on an Indian reservation and is located in Douglas County not Wyandotte County.

e.     Paragraph 5.  This paragraph references previous paragraphs 1 through 4 which have previously been answered by Defendants.

f.     Paragraph 6.  Defendants admit Plaintiff was a student at Haskell Indian Nations University.

g.      Paragraph 7.  Defendants admit an altercation occurred on February 5, 2004, involving Plaintiff, Ms. Spottedeagle, and Ms. Ahuakama.  Defendants further admit  Ms. Spottedeagle, and Ms. Ahuakama were students at Haskell Indian Nations University.  The remaining allegations of paragraph 7 are denied.  Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

h.      Paragraph 8.   Defendants lack sufficient information to admit or deny allegations regarding the extent of Plaintiff's injuries therefore they are denied.

i.      Paragraph 9.  Denied.

j.      Paragraph 10.  Denied.

k.      Paragraph 11.  Denied.

l.      Paragraph 12.  Denied.

m.      Paragraph 13.  This paragraph references previous paragraphs 1 through 12 which have previously been answered by Defendants.

n.      Paragraph 14.  Defendants admit Plaintiff was a student at Haskell Indian Nations University.

o.      Paragraph 15.  Denied.

p.      Paragraph 16.  Denied.

q.      Paragraph 17.  This is a conclusion of law rather than an averment of fact and therefore an answer is not necessary.  To the extent an answer is required the allegation is denied.

r.      Paragraph 18.  This is a conclusion of law rather than an averment of fact and

therefore an answer is not necessary.  To the extent an answer is required the allegation is denied.

s.      Paragraph 19. Denied. Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.  Defendants lack sufficient information to admit or deny allegations regarding the extent of Plaintiff's injuries they are therefore denied.

t.      Paragraph 20.  This paragraph references previous paragraphs 1 through 19 which have previously been answered by Defendants.

u.      Paragraph 21.  This is a conclusion of law rather than an averment of fact and therefore an answer is not necessary.  To the extent an answer is deemed necessary, the allegations are denied.  Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

v.      Paragraph 22.  This is a conclusion of law rather than an averment of fact and therefore an answer is not necessary.  To the extent an answer is deemed necessary, the allegations are denied.  Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

w.      Paragraph 23.  This is a conclusion of law rather than an averment of fact and therefore an answer is not necessary.  To the extent an answer is deemed necessary, the allegations are denied.  Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

x.      Paragraph 24.  This is a conclusion of law rather than an averment of fact and

4

therefore an answer is not necessary.  To the extent an answer is deemed necessary, the allegations are denied.  Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

y.       Paragraph 25.  This is a conclusion of law rather than an averment of fact and therefore an answer is not necessary.  To the extent an answer is deemed necessary, the allegations are denied.  Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

z.       Paragraph 26.  This paragraph references previous paragraphs 1 through 25 which have previously been answered by Defendants.

aa.      Paragraph 27.  Denied.  Further answering, Haskell Indian Nations University does not require all freshmen to live in a college dormitory.  Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

bb.      Paragraph 28.  This is a conclusion of law rather than an averment of fact and therefore an answer is not necessary.  To the extent an answer is deemed necessary, the allegations are denied.  Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

cc.      Paragraph 29.  This is a conclusion of law rather than an averment of fact and therefore an answer is not necessary.  To the extent an answer is deemed necessary, the allegations are denied.  Further answering, Defendants deny they breached any duty owed Plaintiff and deny any inference of negligence or liability.

4.       With regard to Plaintiff's prayer for relief, Defendants deny they breached any

duty owed Plaintiff, deny any inference of negligence or liability, and deny that Plaintiff is entitled to the relief requested.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff has failed to state a claim for which relief can be granted.

2.      The injuries and damages allegedly sustained by Plaintiff were not caused, or contributed to, by the negligence or wrongful act or omission of any employee of the United States.  Therefore, Defendants were not negligent and did not breach any duty, if any were owed, to Plaintiff.

3.      Plaintiff's injuries were caused or contributed to by Plaintiff's negligence or failure to exercise due care and diligence.

4.      The negligence or failure to exercise due care and diligence of Plaintiff and the negligence or failure to exercise due care and diligence of third parties must be compared with any finding of negligence on the part of Defendants and any finding of liability on the part of Defendants must be reduced or barred by Plaintiff's own negligence or by the negligence of third parties.

5.      This action should be dismissed because Plaintiff has failed to establish that this court has subject matter jurisdiction.

6.      This action should be dismissed pursuant to the discretionary function exception to the FTCA.  28 U.S.C. §2680(a)

7.      This action should be dismissed pursuant to the assault and battery exception to the FTCA.  28 U.S.C. §2680(h)

6

8.     This action should be dismissed because Plaintiff has failed to exhaust her administrative remedies as required under the FTCA.  28 U.S.C. §2675

9.     Plaintiff is not entitled to a jury trial in a tort action against the United States of America.  28 U.S.C. §2402

10.     Plaintiff is not entitled to damages for emotional distress or similar claims without medical evidence of a discernable injury to Plaintiff's emotional state.

11.     Punitive damages may not be awarded against the United States.

12.     The United States of America is immune from an award of interest unless there is an express congressional consent separate from a general waiver of immunity to suit.  The FTCA specifically prohibits an award of prejudgment interest against the United States.  28 U.S.C. §2674, Post judgment interest is allowed on FTCA claims only to the extent provided by 31 U.S.C. §1304 and 28 U.S.C. §1961.

13.     Defendants reserve the right to raise all affirmative defenses, cross-claims, counterclaims, and any other matter constituting a defense, that upon full discovery becomes appropriate.

14.     Suits brought under the FTCA must name only the United States of America as the Defendant.  Naming the proper Defendant in an FTCA action is a jurisdictional prerequisite to asserting a claim under the FTCA.  Accordingly, Haskell Indian Nations University should be dismissed and the caption of the case be amended to identify the United States of America as the only Defendant.

WHEREFORE, the Defendants, United States of America, Haskell Indian Nations

7

University, having fully answered the First Amended Complaint, requests the Court deny the relief requested, dismiss this action, and grant Defendants its costs in defending this action.

Respectfully Submitted,

ERIC F. MELGREN
United States Attorney

s/ D. Brad Bailey
D. BRAD BAILEY #11345
Assistant United States Attorney
444 Quincy, Suite 290
Topeka, Kansas  66683
Phone: (785) 295-2850
Fax: (785) 295-2853
Brad.Bailey@usdoj.gov
Attorneys for the United States

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of July, 2005, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Uzo L. Ohaebosim
Lawrence W. Williamson, Jr.
Shores, Williamson & Ohaebosim, LLC
301 N. Main, Suite 1400
Wichita, KS  67202

s/ D. Brad Bailey
D. BRAD BAILEY, #11345
Assistant United States Attorney